912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America,
v.
George Anthony BENNETT, Jerry Robert Anderson, Defendants-Appellants.
 No. 89-5260.
 United States Court of Appeals, Fourth Circuit.
 Argued July 20, 1990.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-89-274-A)
 Kenneth N. Brand, Thomas, Ballenger, Vogleman & Turner, P.C., Alexandria, Va., for appellant Anderson.
 Drewry B. Hutcheson, Alexandria, Va., for appellant Bennett.
 Rebecca Kettelle Pyne, Special Assistant United States Attorney, Alexandria, Va., (Argued), Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a trial by jury, the appellants, George Anthony Bennett and Jerry Robert Anderson, were found guilty of possessing with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. Sec. 841. Appellant Bennett was sentenced to 97 months' imprisonment, with five years' supervised release. Appellant Anderson was sentenced to 80 months' imprisonment with five years' supervised release. Both appellants were sentenced pursuant to the provisions of the Federal Sentencing Guidelines. Before this court, the appellants argue that (1) their convictions must be reversed because the district court refused to answer a factual question posed by the jury during the term of their deliberations, and (2) the district court improperly imposed a four level upward adjustment in sentence based on the appellants' role as organizers and leaders of an extensive criminal activity. After a review of the complete record before us, we find no merit to the argument of the appellants, and affirm the verdict of guilty and the sentence imposed by the district court.
 
 I.
 
 2
 When the appellants arrived at Washington's National Airport from New York, the appellants' manner and activity aroused the suspicions of three DEA detectives assigned to monitor incoming PanAm and Trump Shuttle flights from LaGuardia Airport. After following the appellants until they exited the terminal area, the detectives' suspicions were further aroused when the appellants went directly to an awaiting taxi without taking their turn in the passenger line or consulting with on-duty taxicab dispatchers. The appellants then boarded the taxi with Virginia Hart,* who stood in wait. Hart later testified that she had travelled to Washington on the same aircraft as the appellants and had hailed the taxi to transport the three into Washington, D.C.
 
 
 3
 Before the taxi departed, the officers approached and asked to speak with the passengers, a request that was not objected to by either Hart or the appellants. While speaking with Hart, DEA detective Johnson noticed an unnatural bulge in her clothing. Thereafter, Hart removed a package containing 499 grams of cocaine. Upon discovering the cocaine, both appellants were asked to come to a local police station for questioning. While speaking with DEA agents, both appellants asserted that they did not know Hart, were not involved in drug trafficking, and had only entered the taxi at the request of the driver who sought extra passengers. The appellants affirmed this position while testifying at trial.
 
 
 4
 This assertion, however, was at odds with testimony presented at trial by both Hart and the taxi driver. Hart asserted that she did, in fact, know the appellants and had, on previous occasions, travelled with them to deliver cocaine. During her testimony, Hart specifically stated that she was travelling with the appellants to 4313 Wheeler Road and had been there with the appellants on prior occasions to deliver cocaine to a man named Mario, known to her as a distributor of "crack" cocaine. This address is the same address given by the appellants as their destination in Washington, the residence of Sheila Mathews, a cousin of Bennett. The taxi driver, Abu Sillah, also testified at trial that the appellants had identified themselves as travelling with Hart when they entered the taxi.
 
 
 5
 During deliberations, the jury foreman sent a note to the district court which read as follows: "Is it possible for the jury to get the answer to a specific question from a witness? Did detective Johnson say that Miss Hart gave the Wheeler Road address to the investigators at Wash. Nat'l Airport." After consulting with counsel and encountering no objection, the court responded: "I'm sorry but you will have to rely on your collective memories of the evidence." Without further question or interruption, the jury reached a unanimous verdict of guilty as to each appellant.
 
 
 6
 The court then held a sentencing hearing and found that a four level increase in the base offense level was appropriate under Sec. 3B1.1 of the Sentencing Guidelines, which provides in relevant part:
 
 
 7
 Based on the defendant's role in the offense, increase in the offense level as follows:
 
 
 8
 (a) if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by four levels.
 
 
 9
 This appeal followed.
 
 II.
 
 10
 Our scope of review in this matter is carefully circumscribed. A verdict of guilty will only be reversed when the verdict of the jury is not supported by substantial evidence, viewed in the light most favorable to the government, from which the defendant might be found guilty beyond a reasonable doubt. United States v. Pomponio, 563 F.2d 659, 663 (4th Cir.), cert. denied, 435 U.S. 942 (1977). Sentences imposed under the federal guidelines will only be altered upon a showing that the imposed sentence was clearly erroneous. See United States v. Dougherty, 874 F.2d 213 (4th Cir.1989).
 
 
 11
 We find the record to be replete with evidence upon which to base a verdict of guilty beyond a reasonable doubt. Virginia Hart offered the bulk of this testimony. Specifically she asserted that she had known the appellants for approximately two years, had carried drugs to Washington, D.C., for them six or seven times and was knowledgeable, when examined, about the drug distribution network. The question of Hart's credibility is one to be resolved by the jury, which is in a unique position to make such a determination based on the testimony as well as the demeanor of the witness. From its verdict, the jury quite obviously found such testimony to be credible and we today refuse, in light of the evidence presented, to invade the province of the jury and reverse the verdict of guilty.
 
 
 12
 With respect to the sentence imposed, the facts support the upward adjustment in the base offense level and, therefore, the decision of the district court to so depart was not clearly erroneous. Accordingly, the judgment of the district court is, in its entirety,
 
 
 13
 AFFIRMED.
 
 
 
 *
 Hart was also indicted along with the appellants but pled guilty to the charge of possession of cocaine with intent to distribute prior to trial